UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MARJORIE PAYNE,

        Plaintiff,

v.                                    Case No. 11-cv-10769-PJD-PK

THE INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS
LOCAL LODGE 698, SUCCESSOR TO LODGE
PM2848, RAYMOND BRIGGS, and MARK WARD,
jointly and severally,

        Defendants,

v.

JON WINTERHALTER,

        Third-Party Defendant.
_____/

**ANSWER OF ALL DEFENDANTS
AND THIRD PARTY COMPLAINT**

Defendants, by their counsel, Frederick Perillo of Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, s.c., and Kevin J. O'Neill, P.C., answer the complaint as follows:

1. The allegations of paragraph 1 of the complaint are admitted.

2. The allegations of paragraph 2 of the complaint are admitted.

3. The allegations of paragraph 3 of the complaint are denied. Further answering the allegations of paragraph 3, the Defendants allege that Local Lodge 2848 was placed into supervision in July of 2010 by the Grand Lodge of the International Association of Machinists and Aerospace Workers (hereinafter, the

1

"IAM"), for inability to function under the constitution and bylaws of the IAM, and ceased to exist effective September 30, 2010.

4. The allegations of paragraph 4 of the complaint are denied. Further answering the allegations of paragraph 3, the Defendants allege that the monies and assets of the defunct Local Lodge 2848 were transferred to the IAM in accordance with the provisions of the IAM Constitution.

5. Defendants admit the allegations of paragraph 5 of the complaint only to the extent that Raymond Briggs is a Grand Lodge Representative of the IAM, but deny that he has "conducted business" in the County of Wayne, State of Michigan.

6. Defendants admit that Defendant Mark Ward is the Directing Business Representative of IAM District Lodge 60, but deny the remaining allegations of paragraph 6 of the complaint.

7. Defendants admit that Local Lodge 698 is affiliated with District Lodge 60 in accordance with the provisions of the Constitution of the IAM, and further allege that it is an autonomous Local Lodge subject to District Lodge and Grand Lodge authority to the extent specified in the IAM Constitution. The remaining allegations of paragraph 7 of the complaint are denied.

8. The allegations of paragraph 8 of the complaint are denied. Defendants further allege that Plaintiff's employment terms were governed by a collective bargaining agreement between OPEIU (the Office Professionals Employee International Union) and Local Lodge 2848, and that any other agreement(s) alleged to have existed were made in violation of the collective bargaining

agreement and the provisions of federal labor law.

9. The allegations of paragraph 9 of the complaint are denied.

10. Defendants incorporate by reference their answers to paragraphs 1 through 9 of the complaint as if re-alleged here in their entirety.

11. The allegations of paragraph 11 of the complaint are denied. Defendants further allege that the secretary to Lodge 2848 was Joanne Percy and that she resigned her employment voluntarily to accept a position at District Lodge 60, having previously given notice to Lodge 2848, in February 2006.

12. The allegations of paragraph 12 of the complaint are denied. Defendants further allege that at the time alleged in this paragraph of the complaint (2005-2006), Lodge 2848 was a stand-alone lodge of the IAM and not affiliated with District Lodge 60, but that thereafter since 2008, Lodge 2848 voluntarily affiliated with the District Lodge 60 and remitted its per capita payments through District Lodge 60.

13. There are no factual allegations in paragraph 13 of the complaint, which consists of a counterfactual hypothetical statement, and as such no answer is required. To the extent there are any factual allegations in paragraph 13 of the complaint, they are denied. Defendants further allege that per capita payments are required by the IAM Constitution. Defendants further allege that apart from non-payment of per capita payments, the Grand Lodge of the IAM had justification to revoke the charter of Lodge 2848.

14. The allegations of paragraph 14 of the complaint are denied. Defendants

further allege that Lodge 2848 was operating at a deficit, but that at some point in time it had cash on hand of approximately $800,000 and other assets of approximately $300,000 consisting primarily of its building and vacant property.

15. The allegations of paragraph 15 of the complaint are denied. Defendants further allege that District Lodge 60 and its affiliates other than Local Lodge 2848 were operating with balanced budgets. Defendants further allege that the terms of IAM Constitution govern the disposition of assets of defunct local lodges and that such terms do not call for the immediate transfer of those assets to the affiliated District Lodge. Defendants further allege that Lodge 2848's assets were transferred to the Grand Lodge and have not been distributed to District Lodge 60 or Local Lodge 698.

16. The allegations of paragraph 16 of the complaint are denied. Defendants further allege that the failure of Lodge 2848 to function within the terms of the Constitution of the IAM had nothing to do with the failure to remit per capita payments or otherwise the performance of secretarial tasks.

17. The allegations of paragraph 17 of the complaint are denied. Defendants further allege that Payne did not have experience with Lodge 2848's computer system, her previously employment having been in the pension fund office of Lodge 698.

18. The allegations of paragraph 18 of the complaint are denied. Upon information and belief, plaintiff filed an unsuccessful complaint with the Department of Labor for severance pay after the termination of her employment

with the Lodge 698 pension fund office, but Defendants did not blacklist her.

19. The allegations of paragraph 19 of the complaint are denied. Defendants further allege that at the time of plaintiff's employment with Lodge 2848, she was covered by a collective bargaining agreement between Lodge 2848 and OPEIU, which exclusively governed her terms and conditions of employment in accordance with federal labor law.

20. The allegations of paragraph 20 of the complaint are denied. Defendants further allege that the Directing Business Representative of a lodge of the IAM must act in accordance with the bylaws of said lodge; must obtain membership approval to engage in employment contracts; and must have the approval of the Executive Council; and that none of these necessary conditions was met in this case to offer specific severance benefits to Plaintiff. Defendants further allege that plaintiff's exclusive representative for purposes of negotiating her employment terms and conditions was the OPEIU, and that plaintiff knew or should have known that a side agreement between her and the Directing Business Representative of Lodge 2848 violated the terms her employment contract and could not be legally binding upon her, the OPEIU or Lodge 2848. Defendants further allege that since March 2010, plaintiff has known that her alleged individual employment agreement was invalid, but continued to work for Lodge 2848 under the terms of her collective bargaining agreement.

21. The allegations of paragraph 21 of the complaint are denied.

22. The allegations of paragraph 22 of the complaint are denied.

23. The allegations of paragraph 23 of the complaint are denied. Defendants further allege that the basis for the placement of Lodge 2848 into supervision by the Grand Lodge was its inability to function as a lodge under the IAM Constitution; its inability to obtain a quorum of membership to approve the payment of bills and other expenses for approximately two years; and its continuing operation with a deficit.

24. The allegations of paragraph 24 of the complaint are denied. Defendants further allege that plaintiff's employment was terminated effective September 30, 2010 as a result of the placement of Lodge 2848 into supervision by the Grand Lodge of the IAM.

25. The allegations of paragraph 25 of the complaint are denied.

26. The allegations of paragraph 26 of the complaint are denied. Defendants further allege that District Lodge 60 discovered through the installation of software on plaintiff's work computer at Lodge 2848 that she spent the vast majority of her time playing computer games on Facebook and not working for the Lodge. Defendants further allege that Donald Goldie was not a trustee or supervisor for the Lodge, because effective September 30, 2010, Lodge 2848 has ceased to exist, and the affairs of Lodge 2848 were being administered in accordance with the Constitution of the IAM.

27. The allegations of paragraph 27 of the complaint are denied. Defendants further allege that the successorship obligations of lodges affiliated with the IAM is governed exclusively by the Constitution of the IAM.

28. Defendants incorporate by reference their answers to paragraphs 1 through 27 of the complaint as if re-alleged here in their entirety.

29. The allegations of paragraph 29 of the complaint are denied. Further answering paragraph 29, the Defendants incorporate by reference, and re-allege as if fully set forth herein, their answer to paragraph 20 of the complaint.

30. The allegations of paragraph 30 of the complaint are denied.

31. The allegations of paragraph 31 of the complaint are denied.

32. The allegations of paragraph 32 of the complaint are denied.

33. The allegations of paragraph 33 of the complaint are denied. Further answering paragraph 27 of the complaint, Defendants incorporate by reference and re-allege as if fully set forth herein their answer to paragraph 27 of the complaint.

34. The allegations of paragraph 34 of the complaint are denied.

35. Defendants incorporate by reference their answers to paragraphs 1 through 34 of the complaint as if re-alleged here in their entirety.

36. The allegations of paragraph 36 of the complaint are denied. Further answering paragraph 36 of the complaint, Defendants incorporate by reference and re-allege as if fully set forth herein their answer to paragraph 20.

37. The allegations of paragraph 37 of the complaint are denied. Defendants further allege that Defendants Ward and Briggs were aware that plaintiff's terms and conditions of employment were exclusively governed by a collective bargaining agreement with OPEIU and that any individual agreement purported between the plaintiff and Lodge 2848 was therefore void. Defendants further allege that they

had previously made the plaintiff aware of the invalidity of the alleged severance agreement with Lodge 2848 and continued to work for Lodge 2848 knowing that the agreement could not lawfully be honored and that no severance pay would be paid.

38. The allegations of paragraph 38 of the complaint are denied. Defendants further allege that plaintiff's employment was terminated because the lodge for which she had worked ceased to exist and was placed into supervision.

39. The allegations of paragraph 39 of the complaint are denied.

40. The allegations of paragraph 40 of the complaint are denied. Defendants further allege that Defendant Lodge 698 had no contractual or other obligation of any kind to the plaintiff, and had never had any such obligations.

41. The allegations of paragraph 41 of the complaint are denied.

42. The allegations of paragraph 42 of the complaint are denied.

43. The allegations of paragraph 43 of the complaint are denied. Defendants further allege that they were aware plaintiff's employment terms were covered by a collective bargaining agreement.

44. The allegations of paragraph 44 of the complaint are denied.

45. The allegations of paragraph 45 of the complaint are denied.

46. The allegations of paragraph 46 of the complaint are denied.

47. Defendants incorporate by reference their answers to paragraphs 1 through 46 of the complaint as if re-alleged here in their entirety.

48. The allegations of paragraph 48 of the complaint are denied. Defendants Ward and Briggs further allege that at all times they acted solely in their official

capacities as officers and agents of their respective principals, the District Lodge and the Grand Lodge, and completely in accord with the constitution of the IAM.

49. The allegations of paragraph 49 of the complaint are denied.

50. The allegations of paragraph 50 of the complaint are denied.

51. The allegations of paragraph 51 of the complaint are denied.

52. The allegations of paragraph 52 of the complaint are denied.

53. Defendants incorporate by reference their answers to paragraphs 1 through 52 of the complaint as if re-alleged here in their entirety.

54. The allegations of paragraph 54 of the complaint are denied. Defendants Ward and Briggs further allege that at all times they acted solely in their official capacities as officers and agents of their respective principals, the District Lodge and the Grand Lodge, and completely in accord with the constitution of the IAM.

55. The allegations of paragraph 55 of the complaint are denied.

56. The allegations of paragraph 56 of the complaint are denied.

57. The allegations of paragraph 57 of the complaint are denied.

58. The allegations of paragraph 58 of the complaint are denied.

## AFFIRMATIVE DEFENSES

59. The complaint fails to state a claim upon which relief can be granted.

60. The plaintiff is guilty of laches.

61. The plaintiff failed to exhaust her contractual remedies.

62. The plaintiff waived any claim she may have had pursuant to an alleged individual employment contract by continuing to work for Lodge 2848 after being

told that the agreement was not valid.

63. The plaintiff is estopped from asserting rights under the alleged individual employment agreement because she continued to work for Lodge 2848 after being told that the agreement was not valid.

64. The complaint is barred by the applicable statute of limitations.

65. Plaintiff's causes of action are preempted by substantive federal labor law under §301 of the Labor Management Relations Act, 29 U.S.C. §185.

66. Defendant Lodge 698 is not a successor to the alleged contracting party, Lodge 2848.

67. Defendants Briggs and Ward are immune from individual liability under §301 of the Labor Management Relations Act, 29 U.S.C. §185.

68. There is no personal jurisdiction over Defendant Briggs.

69. Defendants are entitled to set off or recoupment due to the overpayments made to plaintiff during the period of her employment.

70. The complaint is frivolous and warrants an award of sanctions pursuant to Fed. R. Civ. P. 11.

WHEREFORE, the Defendants respectfully request that the court dismiss the complaint in its entirety, and award the Defendants their costs and reasonable attorneys fees, and such other relief as to the court seems just.

## COUNTERCLAIM

71. Counterclaim plaintiff Raymond Briggs is a Grand Lodge Representative of the IAM and the supervisor over the affairs of the defunct Lodge 2848.

72. Counterclaim defendant Marjorie Payne is a former employee of Lodge 2848.

73. The terms and conditions of employment of Payne were governed by a collective bargaining agreement (the "CBA") from the commencement of her employment until and including September 30, 2010.

74. The CBA specifically prohibited any side agreements.

75. The exclusive representative of the plaintiff for purposes of her wages, hours and working conditions, and the administration of the CBA, was OPEIU Local 42.

76. Plaintiff owed her employer a duty of loyalty, and a fair day's work for a fair day's pay.

77. Plaintiff knew or should have known that her representative for purposes of the CBA and her wages, hours and working conditions was OPEIU Local 42 and that side agreements between her and the Directing Business Representative of Lodge 2848 were prohibited and illegal.

78. Notwithstanding her knowledge of her representation by a labor organization, Plaintiff contrived with Jon Winterhalter to enter into an alleged agreement and other modifications of her OPEIU collective bargaining agreement that she knew or reasonably should have known were in conflict with the CBA and the constitution and bylaws of the IAM and Lodge 2848, and were otherwise violative of federal law.

79. Plaintiff contrived to enter into the alleged agreements referenced in

11

paragraph 78 with the intent of using said agreements to convert the money or property of Lodge 2848 to her own use, or to embezzle said money and property.

80. Briggs as Grand Lodge Representative was charged under the IAM Constitution with the responsibility of winding up the affairs of Local 2848 when it became defunct, including the collection of its receivables and the settling of its accounts.

81. Briggs was Deputy over Local Lodge 2848 while it was under supervision in accordance with the IAM constitution effective July, 2010 through September 30, 2010, at which time, it terminated its CBA with OPEIU, and terminated its employee Marjorie Payne, the plaintiff.

82. Briggs determined that the alleged side-letter employment agreement between Payne and Lodge 2848 was invalid.

83. In furtherance of her attempt to convert or embezzle the money and property of Lodge 2848, Payne has caused Briggs to expend funds to defend this suit and otherwise to protect the assets and property of Lodge 2848.

84. Payne was paid in excess of the compensation required under her collective bargaining agreement and owes the extra compensation back to Briggs as supervisor of the estate of Local 2848.

WHEREFORE, Briggs, acting for the defunct Lodge 2848 requests that this court enter judgment in favor of Briggs and against Payne for the following:

A. A declaration that the side-letter employment agreement was void ab initio.

B. A monetary judgment for the costs of defending this suit and safeguarding the assets of defunct Lodge 2848 from conversion or embezzlement by Payne, including without limitation attorneys fees.

C. A monetary judgment for the overpayment of compensation paid to Payne in excess of the amounts required in her collective bargaining agreement.

D. Such other relief as to the court seems just.

## THIRD PARTY COMPLAINT

85. Raymond Briggs re-alleges the facts in paragraphs 71 to 84 as if they were fully set forth herein.

86. Defendant Jon Winterhalter is a resident of Washington, Michigan and is the former Directing Business Representative of Lodge 2848.

87. Winterhalter knew or should have known that the constitution of the IAM and the bylaws of Lodge 2848 required that he seek executive board and membership approval for the alleged side-letter employment agreement with Payne, and that the side-letter was otherwise invalid.

88. Winterhalter knew or should have known that the alleged side-letter employment agreement with Payne violated the then-existing CBA with the OPEIU, and therefore was not valid from its inception.

89. Winterhalter nevertheless purported to enter into the alleged side-letter employment agreement with Payne. Winterhalter was a willing participant in the effort described in paragraphs 78-79 above to convert or embezzle assets of Lodge 2848 to Payne's use. Winterhalter furthermore knowingly caused Payne to be paid

in excess of the contractual rates of pay contained in the OPEIU CBA.

90. Winterhalter was advised in February 2010 by a Vice President of the Grand Lodge of the IAM of the invalidity of the alleged side-letter of agreement and was specifically notified that if Payne attempted to enforce the agreement, he would be held responsible under the IAM constitution for the legal costs of defense.

91. The IAM Constitution provides that if an officer or agent of a Lodge acts in violation of his or her obligations under the Constitution or the bylaws of the Lodge, he is liable to the Lodge, or the Grand Lodge, as the case may be, for such violation, as a fiduciary of the Lodge(s).

92. Winterhalter's actions have imposed costs on the assets of the defunct Lodge 2848, including attorneys' fees and other costs, to thwart the effort by Winterhalter to divert assets of Lodge 2848 to Payne.

WHEREFORE, Briggs respectfully requests that the court enter judgment against Winterhalter as follows:

A. If any of the Defendants is found to be liable to Payne in any amount, that the Defendants be indemnified for the entirety of said sum from Winterhalter;

B. For the costs of defense of this suit, including without limitation, attorneys fees;

C. For any excess compensation paid to Payne in excess of the amounts owed to her under collective bargaining agreement;

D. For such other relief as to the court seems just.

Dated this 2nd Day of March, 2011.

s/Sara Geenen
Frederick Perillo (Wis Bar No. 1002870)
fp@previant.com
Yingtao Ho (Wis Bar. No.  1045418)
yh@previant.com
Sara Geenen (Wis. Bar No. 1052748)
sjg@previant.com
PREVIANT, GOLDBERG, UELMEN,
GRATZ, MILLER & BRUEGGEMAN, S.C.
1555 N. RiverCenter Drive, S. 202
P. O. Box 12993
Milwaukee, WI   53212
Telephone: 414/271-4500
Fax: 414/271-6308
Attorneys for Defendants

KEVIN J. O'NEILL (Mich. Bar No. P36377)
Kevino21@hotmail.com
Kevin J. O'Neill, P.C.
22720 Michigan Avenue, Suite 305
Dearborn, MI 48124
Tel. (313) 359-9888
Fax: (313) 359-1598
Local Counsel to the Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MARJORIE PAYNE,

       Plaintiff,

v.                                                                    Case No. 11-cv-10769-PJD-PK

THE INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS
LOCAL LODGE 698, SUCCESSOR TO LODGE
PM2848, RAYMOND BRIGGS, and MARK WARD,
jointly and severally,

       Defendants,

v.

JON WINTERHALTER,

       Third-Party Defendant.

_____/

## CERTIFICATE OF SERVICE

The foregoing Answer of the Defendants and Third Party Complaint was filed electronically with the Court on this day, using the ECF system, which will automatically notice Plaintiff's counsel of same.

Dated this 2nd Day of March, 2011.

                      s/Sara Geenen
                      Frederick Perillo (Wis Bar No. 1002870)
                      fp@previant.com
                      Yingtao Ho (Wis Bar. No. 1045418)
                      yh@previant.com
                      Sara Geenen (Wis. Bar No. 1052748)
                      sjg@previant.com
                      PREVIANT, GOLDBERG, UELMEN,

GRATZ, MILLER & BRUEGGEMAN, S.C.
1555 N. RiverCenter Drive, S. 202
P. O. Box 12993
Milwaukee, WI 53212
Telephone: 414/271-4500
Fax: 414/271-6308
Attorneys for Defendants

s:\docs\mac698\82904\m0441749.doc