UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJORIE PAYNE,

      Plaintiff,

v.                                                                            Case No. 11-10769

THE INTERNATIONAL ASSOCIATION                   Honorable Patrick J. Duggan
OF MACHINISTS AND AEROSPACE
WORKERS LOCAL LODGE 698,
SUCCESSOR TO LODGE PM2848,
RAYMOND BRIGGS, and MARK WARD,
jointly and severally,

      Defendants,

v.

JON WINTERHALTER,

      Third-Party Defendant.

                                        /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 28, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Marjorie Payne ("Plaintiff") filed this lawsuit in Wayne County Circuit Court to

recover compensation under an employment contract with the International Association of

Machinists and Aerospace Workers Local Lodge 698 ("Lodge 698").  Before the Court is

Third-Party Defendant Jon Winterhalter's motion for judgment on the pleadings, filed on

August 23, 2011 pursuant to Federal Rules of Civil Procedure 17(a) and 12(c).  The matter

has been fully briefed, and the Court heard oral argument on November 17, 2011.  For the

reasons stated below, the Court denies the motion.

## I. Factual and Procedural Background

This suit involves a dispute over severance compensation following the termination

of Plaintiff's employment.  Plaintiff was employed by Lodge 2848 as a secretary.  She

alleges that under an agreement with Lodge 2848, she is entitled to fifty-two weeks'

severance pay.  This agreement was signed by Winterhalter, who was at that time the

Directing Business Representative for Lodge 2848.

Lodge 2848 was subsequently disbanded, and its assets were transferred to Lodge

698.  In October 2010, Plaintiff was approached by union officials Raymond Briggs and

Mark Ward, who allegedly threatened to terminate Plaintiff's employment and object to

her unemployment benefits if she did not resign and accept one-half of her promised

severance benefits.  Briggs was the Grand Lodge Representative of the International

Association of Machinists and Aerospace Workers, and had been placed in charge of

winding up the affairs of Lodge 2848.  Ward was the Directing Business Representative

for an affiliate of Lodge 698.  Plaintiff allegedly refused this demand, and her employment

was terminated.  She filed this suit, asserting a claim for breach of contract against Lodge

698 (Count I).  Plaintiff also brought claims of tortious interference with a contractual

relationship (Count II), concert of action (Count III), and civil conspiracy (Count IV)

against Briggs and Ward.

Defendants removed the suit to this Court on February 24, 2011, and Briggs filed a

Third-Party Complaint against Winterhalter, alleging that the agreement with Plaintiff

violated Lodge 2848's constitution and bylaws.  Briggs alleges that Winterhalter is liable

for violation of his obligations as a fiduciary of Lodge 2848.  Winterhalter has now moved

for judgment on the pleadings pursuant to Rule 12(c), arguing that Briggs is not the real

party in interest and that the Third-Party Complaint fails to state a claim for relief.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules

of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to

dismiss for failure to state a claim upon which relief can be granted.  *Grindstaff v. Green*,

133 F.3d 416, 421 (6th Cir. 1998).  A motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v.*

*Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of

Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  As the Supreme Court recently provided in

*Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

--- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570, 127 S. Ct. 1955, 1974 (2007)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556,

127 S. Ct. at 1965).  The plausibility standard "does not impose a probability requirement

at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

### A. Real Party in Interest

Winterhalter argues that the Third-Party Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 17, as Briggs is not the real party in interest.[1]  Briggs contends that Winterhalter has waived this issue by failing to assert it in his Answer to the Third-Party Complaint. To raise the issue of capacity to sue, "a party must do so by a

---

[1] Rule 17(a)(1) provides: "An action must be prosecuted in the name of the real party in interest."

specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a)(2). This requires a party to raise the issue of lack of capacity in the responsive pleading or in a timely Rule 12 motion filed before pleading; otherwise, the issue is waived. *Tri-Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, Nos. 99-3617, 99-3062, 2000 U.S. App. LEXIS 3659, at *14-15 (6th Cir. Mar. 6, 2000) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1295 (2d ed. 1990)); *Srock v. United States*, No. 04-72788, 2006 U.S. Dist. LEXIS 59462, at *9-10 (E.D. Mich. Aug. 23, 2006). Winterhalter's Answer to the Third-Party Complaint asserts only two affirmative defenses, estoppel and failure to state a claim for relief. The Court concludes that Winterhalter has therefore waived the issue of Briggs' capacity to sue.[2]

Even if Winterhalter had properly raised the issue of Briggs' capacity to sue, the Court concludes that this argument lacks merit. Rule 17(a) provides a list of persons that may sue on behalf of another without joining the person for whose benefit the action is brought, including an executor, administrator, guardian, bailee, trustee, third-party beneficiary of a contract, and a party authorized by statute to sue.[3] Under federal law, Briggs is a trustee entitled to sue on the union's behalf. The Landrum-Griffin Act provides:

---

[2] Winterhalter suggests that because he has filed his motion under Rule 17, he need not comply with Rule 9's requirements. Rule 9 applies generally to pleadings, and nothing in the Rule indicates that its requirements may be ignored where a party files a motion under another Rule.

[3] The advisory committee's notes to Rule 17 make clear, however, that this list of persons is not exclusive.

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group.  It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

29 U.S.C. § 501(a).  It is undisputed that Briggs is a union representative.  He is therefore a trustee with respect to the union, and Rule 17(a) permits a trustee to file suit on the union's behalf.

Briggs is also entitled to sue on the union's behalf as liquidator of the now-defunct Lodge 2848.  Briggs' role in the winding up the affairs of Lodge 2848 is similar to that of a receiver, and the Sixth Circuit has previously concluded that a receiver has the capacity to sue on behalf of an organization under Rule 17.  *Gross v. Hougland*, 712 F.2d 1034, 1038-40 (6th Cir. 1983).  Briggs, who has the task of winding up Lodge 2848's affairs, should thus be permitted to sue on the Lodge's behalf.

Briggs asserts that as a union member, he is entitled to bring a claim to enforce the union's constitution.  Briggs alleges that Winterhalter embezzled Lodge 2848's assets, in violation of the union constitution, by ratifying an agreement with Plaintiff that provided for compensation in excess of rates permitted by the local collective bargaining agreement. Third-Party Compl. ¶ 89.  Briggs argues that he may file an action to enforce the union's constitution pursuant to section 301(a) of the Labor-Management Relations Act, 29 U.S.C.

§ 185(a).  Section 301(a) provides:

> Suits for violation of contracts between an employer and a labor organization
> representing employees in an industry affecting commerce as defined in the
> Act, or between any such labor organizations, may be brought in any district
> court of the United States having jurisdiction of the parties, without respect to
> the amount in controversy or without regard to the citizenship of the parties.

29 U. S. C. § 185(a).  In *Wooddell v. IBEW Local 71*, the Supreme Court held that § 301

allowed a union member to file an action to enforce the union's constitution.  502 U.S. 93,

101, 112 S. Ct. 494, 500 (1991).  Noting that "union constitutions are an important form of

contract between labor organizations," the Court concluded: "Members of a

collective-bargaining unit are often the beneficiaries of such interunion contracts, and

when they are, they likewise may bring suit on these contracts under § 301."  *Id.* at 101,

112 S. Ct. at 500.  The Court accordingly concludes that Briggs may file suit to enforce the

union constitution.

**B. Failure to State a Claim for Relief**

Winterhalter argues that Briggs' Third-Party Complaint should be dismissed for

failure to state a claim for relief.  Winterhalter asserts that Briggs is not a party to the

contract between Plaintiff and the union, and thus, Briggs cannot be liable to Plaintiff

under that contract.  Briggs' claim, however, is not based on contractual liability.  Rather,

Briggs has alleged breach of a fiduciary duty.  *See* Third-Party Compl. ¶ 91 ("if an officer

or agent of a Lodge acts in violation of his or her obligations under the Constitution or the

bylaws of the Lodge, he is liable to the Lodge, or the Grand Lodge, as the case may be, for

such violation, as a fiduciary of the Lodge(s)").  Briggs alleges that Winterhalter is a union

official who has fiduciary duties to union members under federal law.  Briggs further

alleges that Winterhalter breached his fiduciary duties by contracting with Plaintiff

directly for an amount not authorized by the applicable collective bargaining agreement,

resulting in the conversion of union assets.  Winterhalter denies any wrongdoing, but the

Court concludes that Briggs' allegations at least state a plausible claim for relief.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Third-Party Defendant Jon Winterhalter's motion for

judgment on the pleadings is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Joseph P. Ciaramitaro, Jr., Esq.
Robert A. Kuhr, Esq.
Frederick Perillo, Esq.
Kevin J. O'Neill, Esq.
Sara J. Geenen, Esq.
Richard R. Zmijewski, Esq.

8