UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJORIE PAYNE,

      Plaintiff,

                                         Case No. 11-10769

v.

                                         Honorable Patrick J. Duggan

LOCAL LODGE 698, RAYMOND
BRIGGS, and MARK WARD,

      Defendants,

v.

JON WINTERHALTER,

      Third-Party Defendant.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 6, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This matter is before the Court on Defendant Raymond Briggs' motion for sanctions, filed on December 29, 2011 pursuant to Federal Rule of Civil Procedure 11. On January 30, 2012, the Court notified the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For reasons stated below, the Court denies Briggs' motion.

Briggs' request for sanctions stems from a motion filed on August 23, 2011 by

Third-Party Defendant Jon Winterhalter.  Winterhalter moved to dismiss Briggs' Third-party Complaint on the ground that Briggs was not the real party in interest.  Briggs' counsel concluded that Winterhalter's arguments were frivolous, and on August 24, 2011, sent Winterhalter's counsel a letter detailing the deficiencies in his argument.  Briggs threatened to move for sanctions if the motion was not withdrawn, and enclosed a copy of a motion for sanctions.  The following day, Briggs' counsel sent a second letter, indicating that Winterhalter had also failed to raise his "real party in interest" defense in his Answer, as required by Federal Rule of Civil Procedure 9.  Winterhalter's counsel did not withdraw his motion, and the Court held a hearing on November 17, 2011.  The Court subsequently denied the motion in an Opinion and Order dated November 28, 2011.  Briggs argues that Winterhalter's motion was frivolous and justifies sanctions.

Federal Rule of Civil Procedure 11 provides that by presenting a pleading to the court, an attorney certifies that to the best of his knowledge, information, and belief, that the pleading is not presented for an improper purpose, and that the claims, defenses, or other legal contentions contained in it are warranted by existing law or a nonfrivolous argument for reversing, extending, or modifying existing law.  The test is whether an attorney's conduct was reasonable under the circumstances.  *Mich. Div. - Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008).

The decision to award sanctions falls within the discretion of the Court.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400, 110 S. Ct. 2447, 2458 (1990).  The Sixth Circuit has cautioned, "the grounds for sanctions . . . are designed to improve the litigation process, but improvement cannot come at the expense of vigorous advocacy."  *In re*

2

*Ruben*, 825 F.2d 977, 991 (6th Cir. 1987). "District courts must strike a delicate balance between protecting the adversary system and not allowing attorneys to exploit the system for their own purposes." *Id.*

Winterhalter disputes whether Briggs appropriately complied with Rule 11's "safe harbor" provision, which requires service of a motion for sanctions more than 21 days before filing it with this Court. *See* Fed. R. Civ. P. 11(c). Briggs provided a one-page motion accompanied by letters describing the deficiencies in Winterhalter's arguments, rather than a brief or memorandum of law. The Court need not resolve this dispute, however, because it concludes that sanctions are not appropriate in this instance.

The Court does not believe that Winterhalter's motion was filed for an improper purpose. And while the Court ultimately agreed with Briggs' interpretation of the law, it does not believe that all of the conclusions that required denial of Winterhalter's motion were so well-established under controlling precedent as to justify an award of sanctions. The Court is not aware of a significant body of precedent involving suits between co-fiduciaries of a union, and Winterhalter could have believed (albeit mistakenly) that the union, rather than the fiduciary, was required to bring suit. Not every unsuccessful argument requires sanctions, and the Court does not believe that they are justified here.

Accordingly,

**IT IS ORDERED** that Briggs' motion for sanctions is **DENIED**.


                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:

Joseph P. Ciaramitaro, Jr., Esq.
Robert A. Kuhr, Esq.
Frederick Perillo, Esq.
Kevin J. O'Neill, Esq.
Sara J. Geenen, Esq.
Richard R. Zmijewski, Esq.